UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO.: 1:24-cv-21510-CIV

LYNDA ONYENEHO

    Plaintiff,

vs

J.A.W ENTERTAINMENT, INC.
and JOSEPH LONG,

    Defendants.

_____/

## PLAINTIFF'S MOTION TO COMPEL

By and through the undersigned counsel, Plaintiff files her Motion to Compel and Discovery Brief pursuant to the Court's Discovery order [DE 23] and states the following discovery issues are in dispute:

    **1.**    **Site Inspection Rule 34 FRCP**

Plaintiff has requested dates to perform an inspection of Defendant business, Club Climaxxx. Plaintiff anticipates the inspection will last an hour and can be conducted prior to the Club opening for business. Plaintiff provided several dates, but Defendant has refused to acknowledge a date and demanded Plaintiff share the areas that Plaintiff wanted to inspect. Plaintiff provided the areas via email and proffered additional dates so a Notice could be sent. Defendant refused to acknowledge any dates and demanded a notice be sent. Plaintiff responded that a notice could not be sent without a date. In order to expedite matters Plaintiff supplied Defendant with the Notice on February 24, 2025, sans date and time and again requested dates. Defendant has ignored Plaintiff's email requesting dates. Defendant has not filed a motion for a protective order and has not stated any reason for ignoring Plaintiff's requests to inspect the property.

Inspecting Defendant's premises is relevant to the issue of Defendant's First Affirmative Defense, that Plaintiff was an independent contractor. One of the elements court's look to is the

investment in facilities. See *Usery v. Pilgrim Equip. Co., Inc.*, 527 F.2d 1308, 1311 (5th Cir. 1976).

    2.    **Confidentiality Agreement**

Plaintiff's discovery requested the unredacted dancer sign-in sheets. Defendant objected stating the real names of the dancers should not be disclosed. The relevant portion of Defendant's response to Plaintiff interrogatory request for the names of the dancers was:

> This interrogatory is overbroad, unduly burdensome, harassing, irrelevant, not properly limited in scope and not properly tailored to lead to the discovery of admissible evidence. As a preliminary matter, Plaintiff is requesting the confidential information of third-parties who are not a party to this lawsuit. "Courts have noted that "there is a strong public policy against the public disclosure of personnel files…" *Cabrera v. Goodyear Tire & Rubber Co.*, 10-21226-CIV, 2011 WL 13220447, at *1 (S.D. Fla. May 18, 2011). Moreover, given the business that Defendant J.A.W. is engaged in, providing the name and contact information for each employee and independent contractor would not only be overly burdensome, but would require J.A.W. to identify even the independent contractors such as the exotic dancers present at the property that night. Defendants have many independent contractors present at the establishment on any given night and many do not wish to disclose their legal names to the public. Given the nature of this lawsuit, it is unclear what the relevance of a list of persons performing as independent contractors on Defendant's property is to the claims asserted by Plaintiff. Subject to and without waiving the foregoing, Defendants will provide redacted sign-in sheets that feature Plaintiff's name and the name of potential witnesses, which are being disclosed with the witnesses' knowledge and consent.

Other than the names of the dancers, Defendant did not object to the production of the sign-in sheets because the sheets contained other privileged, irrelevant, or non-discoverable information.

Plaintiff agreed to search the records in Defendant's counsel office and to not record the real names of the non-witness dancers. Upon arriving Defendant presented Plaintiff with a confidentiality agreement that narrowed Plaintiff's inspection of the records from "real names of the dancers" to only those pages where Plaintiff's name appeared.

> Furthermore, the Plaintiff via her counsel may only notes of pages upon which she has signed in, signed out and/or both. She cannot make notations from or take information from pages that she has not signed. If the parties cannot agree upon irregularities on the entries of any page, such as whited out entries, the parties may bring those matters to the Court for an in-camera determination on the issue(s), if the parties cannot work it out within ten (10) business days. Agreement ¶4.

Prior to agreeing to the new unilateral condition, Plaintiff reviewed several sheets and noticed a significant number of handwritten notes appeared on many sheets.  Plaintiff reminded to Defendant the agreement was to not record the real names of the dancers and that the new unilateral condition was unacceptable because the handwritten information could be relevant and yield admissible evidence. Defendant disagreed and would not remove the new condition.

Plaintiff took the deposition of one of the Club managers, Marcus Solomon. During Mr. Solomon's deposition questions regarding the issue of Dancer fees charged by the Club were asked. Marcus Solomon, a manager at the Club testified at his deposition that the Club charges the same fee for all the dancers.[1]

> *Q Okay. What about if someone comes in at 11:30 5 a.m., and they work all the way until 05:00 a.m., do they just pay that one $5 fee?*
>
> *A Just pay one $5 fee.*
>
> *Q Okay. What about if you're new? You're a new person that come in, new dancer, do they cut them a deal on that or something?*
>
> *A Yes. It's the same. Let's say, if you come at, if you a new dance, old dander, if you come at 11:30, it's $5, before 12:00 it's $5.*
>
> *69/4-13*[2]

However, Mr. Solomon's testimony is contradicted by the handwritten information on several of the sign-in sheets viewed by Plaintiff.

Whether the Club made changes to the fee schedule is directly relevant to the issue of whether Plaintiff was an employee or an independent contractor because it is evidence that the Club is in control of the fees it charges. *McFeeley v. Jackson Street Entertainment, LLC, 47 F.Supp.3d 260, 269 (D. Md. 2014)*. Furthermore, the information on the sign in sheets directly contradicts the testimony of Marcus Solomon. At trial, Plaintiff should be allowed ask and to

---

[1] Plaintiff also suggested that review of the sign in sheets take place and that the court could review in camera any sheets flagged by Plaintiff. Defendant declined to allow Plaintiff to review the sign in sheets without agreeing to all the terms in Confidentiality Agreement.

[2] The deposition of Marcus Solomon occurred on January 9, 2025, and Plaintiff received the transcript on January 24, 2025.

cross Mr. Solomon on the issue that his deposition testimony is contradicted by the information contained on the sign-in sheets.

    **WHEREFORE**, for the reasons stated above the Court should order Defendant to set the date and time for the inspection of the premises of Club Climaxxx to occur within the next 20 days.

    Additionally, Plaintiff shall be allowed to review the sign-in sheets and take notes and flag sheets for redaction (to redact the non-witness real dancer names).

Respectfully submitted March 5, 2025.

    By:    s/Lowell J. Kuvin
    Lowell J. Kuvin, Esq.
    Florida Bar No. 53072
    lowell@kuvin.law
    Law Office of Lowell J. Kuvin, LLC
    17 East Flagler Street, Suite 223
    Miami, Florida 33131
    Tel.: 305.358.6800
    *Attorneys for Plaintiff*

### Certificate of Compliance with S.D. Fla. L.R. 7.1(a)(3) & DE 27

Plaintiff certifies he has spoken with Defendants regarding the discovery issues contained in this Motion of several occasions prior to the filing of this motion via electronic mail and via telephone. Plaintiff also certifies it first contacted Chambers regarding the discovery issues on February 11, 2025, and received permission from the Court to file the instant motion on February 27, 2025.

### CERTIFICATE OF SERVICE

    I HEREBY CERTIFY that on March 5, 2025, I caused the foregoing to be filed with the Court's e-filing ECF which will automatically send a copy to all counsel of record in this case.