UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO.: 1:24-cv-21510-CIV-SMITH

LYNDA ONYENEHO,
An Individual,

    Plaintiff,

v

J.A.W ENTERTAINMENT, INC. d/b/a
CLUB CLIMAXXX, a Florida For Profit
Corporation, and JOSEPH LONG,
an Individual,

    Defendants.
_____/

**STIPULATED CONFIDENTIALITY AGREEMENT**

      In order to expedite the flow of discovery material, facilitate the prompt resolution of disputes over confidentiality, and protect confidential information, the Plaintiff, LYNDA ONYENEHO, and Defendant, J.A.W ENTERTAINMENT, INC. d/b/a CLUB CLIMAXXX ("Defendant"), hereby stipulate and agree as follows:

**Non-Disclosure of All Information, to include Names in the Sign In/Sign Out Sheets**

      1.    The parties to this action agree through their undersigned counsel to the following conditions regarding confidentiality of documents and information with respect to the above-styled action and any resulting appeals or retrials as to the Sign/Sign Out Sheets(collectively, "the Litigation").

      2.    The Sign In/Sign Out Sheets are designated as CONFIDENTIAL, because they contain the actual names and identities and personal identifying information of exotic performers and dancers that are not parties to this Action and whom have a reasonable expectation of privacy and protection of this information from release to the public or third parties or for the

information to used or released publicly or by any publication at all, to include but not limited to in documents filed on PACER.

       3.       For purposes of this Agreement, the term "document(s)" means all written, recorded, or graphic materials, regardless of format, whether produced or created by a party or another person, whether produced pursuant to the Federal Rules of Civil Procedure, subpoena, by agent, or otherwise.

       4.       Furthermore, the Plaintiff via her counsel may only notes of pages upon which she has signed in, signed out and/or both.  She cannot make notations from or take information from pages that she has not signed.  If the parties cannot agree upon irregularities on the entries of any page, such as whited out entries, the parties may bring those matters to the Court for an in-camera determination on the issue(s), if the parties cannot work it out within ten (10) business days.

       5.       In addition, the parties intend that all CONFIDENTIAL INFORMATION shall be used exclusively and strictly for purposes relating *only* to this Litigation and for no other purposes whatsoever.

       a)       All CONFIDENTIAL INFORMATION shall not directly or indirectly be used in relation to any other case, for any commercial or business purpose.

       b)       All CONFIDENTIAL INFORMATION shall not directly or indirectly be communicated, disclosed or shared with anyone other than (i) the parties' attorneys (including other attorneys employed by counsel's law firm, and other persons regularly employed by the law firm as are necessary to perform secretarial, paralegal, law clerk, document production or other similar functions); (ii) a party's expert witnesses retained by counsel, provided that prior to viewing the material the expert witness signs and provides to all counsel a signed copy of the

agreement attached as Exhibit "A" acknowledging that the witness has read this Agreement and agrees to be bound by the Agreement; (iii) a deposition witness, hearing witness, or fact witness for this case only, provided that the witness either executes Exhibit "A" prior to the disclosure or, if the discovery is to be first shown to the witness during his/her testimony, agrees on the record during his/her testimony to be bound by the terms of Exhibit "A"; (iv) court officials involved in the proceeding (including court reporters, persons operating video recording equipment at depositions, and any special master appointed by the court); (v) the parties; and (vi) any mediator chosen by or for the parties to this action.

     c)  If the "CONFIDENTIAL" designation is challenged, the parties shall confer within ten (10) calendar days of the date of the challenge as to the dispute regarding the designation. If the parties are unable to resolve their dispute, the Producing Party shall file a motion for a protective order with the Court within ten (10) calendar days of the date on which the other party informs the Producing Party in writing that they are unable to resolve the dispute. The parties shall hold the designated material as CONFIDENTIAL unless and until such time as the Court rules that the CONFIDENTIAL designation is inappropriate.

     d)  This Agreement neither expands nor contracts any party's rights or obligations to produce or respond to discovery initiatives or to object thereto, in accordance with the Federal Rules of Civil Procedure. No party waives the right to use and to offer into evidence, or the right to object to the use or offering into evidence, at pretrial hearings and at trial, material that has been designated CONFIDENTIAL for purposes of allowing discovery.

**<u>Use</u>**

7. The parties agree to be bound by the terms of this Confidentiality Agreement regardless of whether a formal Order on Confidentiality or Protective Order is issued by the Court.

## Non-Termination

8. The provisions of this Confidentiality Agreement shall not terminate at the conclusion of this Litigation. Within sixty (60) days after final conclusion of all aspects of this Litigation the parties and all of the persons to whom CONFIDENTIAL INFORMATION has been disclosed shall (a) return all documents or copies containing any of the CONFIDENTIAL INFORMATION to the Producing Party's attorneys; (b) secure the return or destruction of all copies, notes, abstracts, summaries or other materials reflecting such CONFIDENTIAL INFORMATION; and (c) make certification of compliance with "(a)" and "(b)" above and deliver said certification to counsel for the Producing Party.

9. The provisions of this Agreement shall continue until released and shall survive the entry of a final judgment herein.

## Drafting

10. The Parties cooperated in the drafting of this Confidential Agreement, and if it is finally determined that any provision in this Confidential Agreement is ambiguous, that provision shall not be presumptively construed against either of the Parties

## Modification Permitted

11. The foregoing Confidentiality Agreement may be amended by written agreement of the parties and/or by order of the Court. This Confidentiality Agreement is without

prejudice to the right of any part to seek relief from or modification of any provision contained herein by motion with the Court and such right is expressly reserved.

Dated this 13th day of November, 2024.

**LOWELL J. KUVIN**
*Attorney for Plaintiff*
17 E. Flagler Street, Suite 223
Miami, Florida, 33131
Telephone: 305.358.6800
E-Mail:  lowell@kuvin.law and legal@kuvin.law


By: */s/ Lowell J. Kuvin___*
**LOWELL J. KUVIN**


**ANTHONY J. PEREZ LAW GROUP, PLLC** *Co-Counsel for Defendants*
7950 W. Flagler Street, Suite 104Miami, Florida 33144
Telephone: (786) 361-9909
Fax (786) 687-0445
E-Mail: ajp@ajperezlawgroup.com and jr@ajperezlawgroup.com

By:  */s/ Anthony J. Perez____*
**ANTHONY J. PEREZ**

# IN THE UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF FLORIDA
# MIAMI DIVISION

### CASE NO.: 1:18-CV-20434-FAM

| | |
|---|---|
| **ANDRE GOMEZ,** | ) |
| | ) |
|     **Plaintiff,** | ) |
| | ) |
|     **v.** | ) |
| | ) |
| **BPS DIRECT, LLC** | ) |
| | ) |
|     **Defendant.** | ) |
| | ) |

## AGREEMENT TO ABIDE BY THE STIPULATED CONFIDENTIALITY AND NON-WAIVER OF PRIVILEGE OR OTHER PROTECTIVE DOCTRINE BY INADVERTENT DISCLOSURE AGREEMENT

The undersigned acknowledges that he or she: (1) has read the "Stipulated Confidentiality Agreement" in the above-captioned case; (2) understands the Agreement's terms; (3) agrees to be bound by such terms; and (4) will promptly convey all documents he or she obtains as a result of the inspection/copying referenced in the Confidentiality Agreement, including all copies or notes thereof, to the counsel for the party on whose behalf the undersigned reviewed the documents.

_____      _____
ORGANIZATION                                           NAME

_____      _____
DATE                                                          SIGNATURE

4836-9509-3086, v. 1